# In the United States Court of Federal Claims

No. 25-1648C
(Filed: January 27, 2026)
**NOT FOR PUBLICATION**

```
****************************************
SOMONA LOFTON,                         *
                                       *
                 Plaintiff,            *
                                       *
                                       *
v.                                     *
                                       *
THE UNITED STATES,                     *
                                       *
                 Defendant.            *
                                       *
****************************************
```

## OPINION AND ORDER

    Plaintiff Somona Lofton, proceeding *pro se*, raises claims relating to her criminal conviction in California state courts. *See* Compl. (ECF 1). The government has moved to dismiss, and Plaintiff has not responded. *See* Mot. (ECF 8); RCFC 12(b)(1), (6). She has submitted a variety of other documents, numbered for convenience as follows:

1. Notice to Court with Exhibits, received by the Court on October 21, 2025.

2. Notice to Court with Exhibits, received by the Court on November 3, 2025.

3. E-Notification Consent Form with Attachments, received by the Court on January 2, 2026.

4. Additional Exhibits to E-Notification Consent Form, received by the Court on January 2, 2026.

5. Additional Exhibit – DOJ Civil Rights of Institutionalized Persons 42.U.S.C. § 1997 ET SEQ, received by the Court on January 5, 2026.

6. Miscellaneous Documents, received by the Court on January 8, 2026.

7. Motion to Extend with Attachments, received by the Court on January 8, 2026.

8. Napa Valley College – Grade, received by the Court on January 12, 2026.

9. Ellucian Student Application – Grades, received by the Court on January 12, 2026.

10. Ellucian Student Application – Student Hold, received by the Court on January 12, 2026.

11. Duplicate of January 8, 2026 Motion to Extend with Additional Exhibits and Document regarding Damages from Lasers, received by the Court on January 20, 2026.

12. Damages Name Change Request, received by the Court on January 20, 2026.

13. Miscellaneous Document (Petition for Change of Name filed in the Superior Court of California), received by the Court on January 20, 2026.

14. Message History, received by the Court on January 20, 2026.

15. Arrest Records, received by the Court on January 20, 2026.

16. Letter with Exhibits, received by the Court on January 21, 2026.

17. Letter to Court, received by the Court on January 22, 2026.

18. Duplicate filings of submissions of January 2, 2026 (Penal Code Section 1203.2) and January 5, 2026 (DOJ Civil Rights of Institutionalized Persons 42.U.S.C. § 1997 ET SEQ., received by the Court on January 23, 2026.

19. Yahoo Email Re: List of State Sponsor Terrorist in California, received by the Court on January 26, 2026.

20. Request for Evidence, received by the Court on January 26, 2026.

21. Optometry Claim Re: Fratto Optometry, Inc. with Attached Exhibit, received by the Court on January 26, 2026.

22. Medical Records, received by the Court on January 26, 2026.

The above documents shall be **FILED BY MY LEAVE**. Documents 1, 2, 7, 11, 15, 16, 21, and 22 may contain personal information, and shall therefore be filed **UNDER SEAL**. Because Plaintiff has properly filed a consent for electronic case-filing notification (ECF 10), Documents 3 and 4 are **REJECTED**. It is not clear what deadline Documents 7 and 11 are intended to extend. Assuming Plaintiff refers to her response to the motion to dismiss, it was due on January 2, 2026 and still has not been received, so her request is **DENIED**. To the extent any other submissions request relief, it is **DENIED**. The complaint is **DISMISSED** for two independent

reasons. First, Plaintiff has failed to comply with the rules for proceeding *in forma pauperis*. Her application (ECF 6) is **DENIED**. Second, Plaintiff has not pleaded claims within this Court's subject-matter jurisdiction.

As for the first reason, Plaintiff applied for leave to proceed *in forma pauperis* but did not include all the required materials. *See* Application (ECF 2). This Court denied the application and gave Plaintiff 30 days to pay the filing fees or submit a complete application. *See* Oct. 9, 2025 Order (ECF 5). Plaintiff submitted a new application. *See* 2d Application (ECF 6). But she did not include a prison trust fund account statement, as required by 28 U.S.C. § 1915(a)(2). This Court gave Plaintiff another month to pay the fees or submit the statement, *see* Dec. 8, 2025 Order (ECF 9), and she did not do so.

Both of this Court's orders warned Plaintiff that failure to pay the fees or submit a complete application would result in dismissal for failure to prosecute. This action is therefore dismissed for that reason. *See* RCFC 41(b).

As for the second reason, this Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3).

"In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings").

The essence of Plaintiff's claim appears to be that her criminal conviction violated her procedural rights. *See* Compl. at 1. This Court does not have authority to review decisions of other courts. *Jones v. United States*, 440 F. App'x 916, 918 (Fed.

Cir. 2011); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Nor does this Court's jurisdiction extend to criminal matters. *See Jones*, 440 F. App'x at 918.

Plaintiff's conviction also appears to have been in state court. Even if she was injured by state officers or agencies, this Court cannot hear claims against defendants other than the United States, *see United States v. Sherwood*, 312 U.S. 584, 588 (1941), or claims for violation of state law, *see Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007).

Beyond those problems, Plaintiff has not identified a source of federal law that can support relief in this Court. Claims for money in this Court under the Tucker Act — other than contract and illegal exaction claims — must be based on laws or constitutional provisions that require the United States to pay money to the plaintiff. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing 28 U.S.C. § 1491(a)(1)); *Spencer v. United States*, 98 Fed. Cl. 349, 355 (2011). The federal constitutional provisions Plaintiff identifies do not mandate payment of money. *See Omran v. United States*, 629 F. App'x 1005, 1008 (Fed. Cir. 2015) (Sixth Amendment); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Eighth Amendment); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (due process).

## CONCLUSION

The filings of October 21, 2025, November 3, 2025, January 5, 2026, January 8, 2026, January 12, 2026, January 20, 2026, January 21, 2026, January 22, 2026, January 23, 2026, and January 26, 2026 shall be **FILED BY MY LEAVE**. They are **DENIED** to the extent they request relief. The filings of January 2, 2026 are hereby **REJECTED**. The case is **DISMISSED** for failure to prosecute. Plaintiff's application for leave to proceed *in forma pauperis* (ECF 6) is **DENIED**. In the alternative, Defendant's Motion to Dismiss for lack of jurisdiction (ECF 8) is **GRANTED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

                                                 s/ Stephen S. Schwartz
                                                 STEPHEN S. SCHWARTZ
                                                 Judge